UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROPERTY OF THE PEOPLE, INC.,<br>1712 Eye St., NW, Suite 915<br>Washington, DC 20006,<br><br>and<br><br>RYAN NOAH SHAPIRO<br>707 Pelton Ave. #314<br>Santa Cruz, CA 95060,<br><br><br>PLAINTIFFS<br><br>vs.<br><br>DEPARTMENT OF THE NAVY<br>1000 Navy Pentagon<br>Washington, DC 20350,<br><br>and<br><br>DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, DC 20301-1400<br><br>DEFENDANTS | )<br>)<br>) Judge _____<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

THE PARTIES

1.    Property of the People, Inc. is a 501(c)(3) charitable organization dedicated to governmental transparency in the service of democracy.

2.    Plaintiff Ryan Noah Shapiro is a founder of Property of the People and a Ph.D. candidate in the Department of Science, Technology, and Society (HASTS) at the Massachusetts Institute of Technology, as well as a former Research Affiliate at the Berkman Klein Center for

Internet & Society at Harvard University. Plaintiff Ryan Noah Shapiro is an historian of national security, the policing of dissent, and governmental transparency.

3.     Defendants Department of the Navy (Navy) and Department of Defense (DOD) are agencies of the US government.

4.     Defense Health Agency (DHA) is a component of the DOD.

5.     The Navy and Defense Health Agency have possession, custody and control of the records Plaintiffs seek.

## JURISDICTION AND VENUE

6.     This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

7.     This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

8.     Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

Background

9.   The Medical Office of the White House is a unit of the White House Military Office and is responsible for the medical needs of White House staff, the President, the Vice President, their families, and international dignitaries visiting the White House.

10. The National Naval Medical Center is the United States' tri-service military medical center within the Department of the Navy; it maintains records of all drugs requisitioned by the offices it serves, which includes the Medical Office of the White House.

The Navy

11. On November 14, 2017, Plaintiffs submitted to the Navy via email a FOIA request for records concerning releases of prescription drugs to the Medical Office of the White House from the Navy. The time period for this request was on or after January 20, 2017.

12. On November 15, 2017, the Navy acknowledged receipt of the November 14, 2017 FOIA request and assigned it tracking number DON-NAVY-2018-001380. In its acknowledgment, the Navy simultaneously closed the request, concluding that the records sought were not agency records, and that such records were likely to be held by Defense Health Agency (DHA).

13. On November 30, 2017, Plaintiffs administratively appealed via email the Navy's determination that the records sought were not agency records.

14. More than 20 business days have elapsed since Plaintiffs submitted the administrative appeal to the Navy, but as of the filing of this Complaint, Plaintiffs have not received a final determination regarding the administrative appeal.


Defense Health Agency

15. On November 17, 2017, Plaintiffs submitted to DHA via email a FOIA request for records concerning releases of prescription drugs to the Medical Office of the White House from the Navy.

16. On November 21, 2017, the DHA acknowledged receipt of the November 17, 2017 FOIA request and assigned it tracking number 2018-035. In its letter, DHA placed Plaintiffs in the "other-use" requester category for fee purposes.

17. On December 14, 2017, Plaintiffs administratively appealed DHA's determination that Plaintiffs are "other-use" requesters for fee purposes.

18. More than 20 business days have elapsed since Plaintiffs submitted the FOIA request to DHA, but as of the filing of this Complaint, Plaintiffs have not received a response from DHA with a final determination as to whether DHA will release the requested records.

19. More than 20 business days have elapsed since Plaintiffs submitted the administrative appeal to DHA, but as of the filing of this Complaint, Plaintiffs have not received a response from DHA with a final determination as to whether DHA will change Plaintiffs' fee category.

COUNT I:
VIOLATION OF FOIA

20. This Count realleges and incorporates by reference all of the preceding paragraphs. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

21. The Navy and the DHA have improperly withheld responsive records.

22. DHA has improperly placed Plaintiffs in the "other-use" requester category.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Declare Defendants' failure to comply with FOIA to be unlawful;

(2) Order Defendants to grant Plaintiffs' requests for fee waivers and to grant Plaintiffs' fee status as members of the media and/or educational requesters.

(3) Order Defendants to immediately process Plaintiffs' FOIA request;

(4) Grant Plaintiffs an award of attorney fees and other litigation costs reasonably incurred in

    this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiffs such other and further relief which the Court deems proper.


Respectfully Submitted,

   /s/ Jeffrey Light
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiffs*